J. S34034/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
    :    PENNSYLVANIA
    v.    :
    :
SAMUEL LEE COREY,    :    No. 141 MDA 2020
    :
    Appellant    :

Appeal from the Judgment of Sentence Entered September 5, 2019,
in the Court of Common Pleas of Bradford County
Criminal Division at No. CP-08-CR-0000387-2019

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
    :    PENNSYLVANIA
    v.    :
    :
SAMUEL LEE COREY,    :    No. 142 MDA 2020
    :
    Appellant    :

Appeal from the Judgment of Sentence Entered September 5, 2019,
in the Court of Common Pleas of Bradford County
Criminal Division at No. CP-08-CR-0000548-2019

BEFORE:  PANELLA, P.J., BENDER, P.J.E. AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:    **FILED DECEMBER 08, 2020**

Samuel Lee Corey appeals from the September 5, 2019 judgments of

sentence entered by the Court of Common Pleas of Bradford County following

his guilty plea to one count each of homicide by vehicle while driving under

the influence ("DUI"), DUI: controlled substance – combination of alcohol and

drugs (second offense), and DUI:  controlled substance – impaired ability (third offense).[1]  Patrick L. Beirne, Esq., filed an application to withdraw his appearance on May 11, 2020, alleging that the appeal is frivolous, accompanied by an **Anders** brief.[2]  After careful review, we grant Attorney Beirne's application to withdraw and affirm appellant's judgments of sentence.

The relevant factual and procedural history, as gleaned from the record, are as follows.  On February 4, 2019, appellant was involved in an automobile accident that resulted in the deaths of Cierra Kirkner and her unborn child. Following the accident, the Commonwealth charged appellant with, **inter alia**, homicide by vehicle while DUI and DUI:  controlled substances – combination of alcohol and drugs (second offense) at Docket No. CP-08-CR-0000387-2019 ("Docket No. 387").  While these charges were pending, appellant was charged with, **inter alia**, DUI: controlled substance – impaired ability (third offense) at Docket No. CP-08-CR-0000548-2019 ("Docket No. 548"), stemming from an incident that took place on June 10, 2019.

On July 23, 2019, appellant entered a guilty plea at Docket No. 387 to homicide by vehicle while DUI and DUI:  controlled substances – combination

---

[1] 75 Pa.C.S.A. §§ 3735(a)(1)(ii), 3802(d)(3), and 3802(d)(2), respectively.

[2] **See Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

of alcohol and drugs (second offense).[3]  On September 5, 2019, appellant entered a guilty plea at Docket No. 548 to DUI:  controlled substance – impaired ability (third offense).  That same day, the trial court imposed an aggregate sentence, at both docket numbers, of 8 years, 9 months to 25 years' imprisonment.  Appellant filed timely post-sentence motions on September 13, 2019, which the trial court denied on December 20, 2019.

Appellant filed timely notices of appeal on January 15 and 17, 2020, in compliance with our supreme court's directive in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), and its progeny.  The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and appellant timely complied.  On March 4, 2020, the trial court filed statements in lieu of an opinion pursuant to Pa.R.A.P. 1925(a) at each trial court docket number.  On May 11, 2020, Attorney Beirne filed an **Anders** brief and accompanying application to withdraw his appearance.  On September 23, 2020,[4] this court entered a judgment order remanding the case because it was "unclear whether counsel enclosed copies of the **Anders** brief **and** accompanying petition to withdraw as counsel with his undated letter to appellant, as required."  (Judgment order, 9/23/20 at 4; **see also Commonwealth v. Woods**, 939 A.2d 896, 900 (Pa.Super. 2007), citing

---

[3] Appellant also entered a guilty plea to aggravated assault of an unborn child.  **See** 18 Pa.C.S.A. § 2606(a).  The plea to this count was withdrawn on September 5, 2019.  (Notes of testimony, 9/5/19 at 10.)

[4] The judgment order was filed October 6, 2020.

*Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa.Super. 2005).)

Moreover, counsel only filed a petition to withdraw at Docket No. 387. (*See* judgment order, 9/23/20 at 4.) Counsel was directed to "comply with the dictates of *Anders* and its progeny." (*Id.*)

The appeals in these cases were consolidated by this court on October 3, 2020. On October 27, 2020, counsel filed a petition to withdraw at both Docket Nos. 387 and 548, attaching to each petition a letter dated October 26, 2020, properly advising appellant of his rights as required by *Millisock*. Each petition to withdraw also averred that counsel:

> sent to [a]ppellant via first class mail at his last known address, a copy of the instant petition and a copy of the brief filed in this case. In addition, a letter was sent explaining [a]ppellant's right to forward any additional argument and/or to retain new counsel to represent him.

Petition to withdraw, 10/27/20 at unnumbered 2 ¶ 5. Counsel having complied with our order, we proceed to address counsel's petition to withdraw.

A request by appointed counsel to withdraw pursuant to *Anders* and *Santiago* gives rise to certain requirements and obligations, for both appointed counsel and this court. *See Commonwealth v. Flowers*, 113 A.3d 1246, 1248 (Pa.Super. 2015).

> These requirements and the significant protection they provide to an *Anders* appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa.Super. 2007). This

[c]ourt has summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this [c]ourt's attention.

*Woods*, 939 A.2d at 898 (citations omitted).

There are also requirements as to the precise content of an *Anders* brief:

> [T]he *Anders* brief that accompanies court-appointed counsel's petition to withdraw . . . must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's

- 5 -

> conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> *Santiago*, 978 A.2d at 361.

> *Id.* at 1248. If this [c]ourt determines that appointed counsel has met these obligations, it is then our responsibility "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Id.* at 1248. In so doing, we review not only the issues identified by appointed counsel in the *Anders* brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues." *Id.*

*Commonwealth v. Hankerson*, 118 A.3d 415, 419-420 (Pa.Super. 2015).

Our review of Attorney Beirne's application to withdraw, supporting documentation, and *Anders* brief reveals that he has complied with all of the foregoing requirements. We note that counsel has also furnished a copy of the *Anders* brief to appellant; advised him of his right to retain new counsel, proceed *pro se*, or bring any issues he deems pertinent to this court's attention; and filed with this court a copy of the letter sent to appellant as required under *Millisock*. *See also Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa.Super. 2010) ("While the Supreme Court in *Santiago* set forth the new requirements for an *Anders* brief, . . . the holding did not abrogate

the notice requirements set forth in **Millisock** that remain binding legal precedent."). Appellant did not respond to Attorney Beirne's **Anders** brief. As Attorney Beirne has complied with all of the requirements set forth above, we conclude that counsel has satisfied the procedural requirements of **Anders**.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5, quoting **Commonwealth v. McClendon**, 434 A.2d 1184, 1187 (Pa. 1981). Therefore, we now turn to the merits of appellant's appeal.

Attorney Beirne raises the following issue on appellant's behalf:

> Did the trial court abuse its discretion in imposing a sentence at the top of the aggravated range?

**Anders** brief at 4.

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but

requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous.

The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

[*Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007)].

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa.Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, [] 909 A.2d 303 ([Pa.] 2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the

> sentence imposed. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa.Super. 2003), ***appeal denied***, [] 831 A.2d 599 ([Pa.] 2003).
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa.Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. ***Sierra***, ***supra*** at 912-913.
>
> As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. ***Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa.Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. ***Id.***

***Commonwealth v. Moury***, 992 A.2d 162, 169-170 (Pa.Super. 2010).

Here, we begin our analysis by determining whether appellant has complied with the procedural requirements for challenging the discretionary aspects of his sentence. First, appellant timely filed his notice of appeal pursuant to Pa.R.A.P. 902 and 903. Second, he properly preserved the issue in post-sentence motions filed on September 13, 2019. The sentencing court denied appellant's motions on December 20, 2019. Third, Attorney Beirne included a Rule 2119(f) statement in his ***Anders*** brief. (***Anders*** brief at 12.) We must now determine whether appellant has raised a substantial question.

This court has recognized that an allegation of sentencing court error by imposing an aggravated range sentence raises a substantial question.

***Commonwealth v. Clemat***, 218 A.3d 944, 959 (Pa.Super. 2019), citing

***Commonwealth v. Robinson***, 931 A.2d 15, 26 (Pa.Super. 2007) (***en banc***).

Here, appellant alleges that his sentence was "unduly harsh." (***Anders*** brief

at 15.) Accordingly, we find that a substantial question has been raised, and

we have jurisdiction to consider appellant's discretionary aspects of sentencing

claim.

As noted above, we review the trial court's sentencing determination for

an abuse of discretion. ***See Moury***, 992 A.2d at 169. This court has held

that, "When a [sentencing] court imposes an aggravated . . . sentence, it shall

state the reasons on the record . . . ." ***Commonwealth v. Mrozik***, 213 A.3d

273, 278 (Pa.Super. 2019), quoting 204 Pa.Code § 303.13(c).

Here, the record reflects that the trial court provided the following

explanation for imposing an aggravated sentence:

> In terms of the offense and the sentence, there is a mandatory five[-]year sentence of incarceration. As I said before[,] the range is five to six years. Given the fact that the law really does not provide for a crime as to the child, I do believe that if there [were] ever a circumstance where an aggravated range sentence was appropriate, this would be it, to in some way take account for the fact an unborn child's life was terminated far too early.
>
> . . . .
>
> Now, with respect to the DUI, that has a twelve to eighteen[-]month[] standard range. Again, the fact that this DUI occurred after this accident is grounds for, again, an aggravated sentence at the high end of the aggravated range which would be a twenty-one[-]month sentence or one year and nine months. The

> law requires the seven[-]year maximum, I believe, to be imposed. And so that second sentence will be [] one year and nine month[s] to seven year[s], such that the overall aggregate sentence will be eight years [and] nine months, a maximum sentence of twenty-five years.

Notes of testimony, 9/5/19 at 31; **see also** trial court order, 9/5/19 at 1-2.

We, therefore, find that the record supports Attorney Beirne's assessment that the appeal is frivolous because the record demonstrates that the trial court did not abuse its discretion when it imposed appellant's sentence.

Moreover, our independent review of the entire record reveals no additional non-frivolous claims. Accordingly, we grant Attorney Beirne's application to withdraw and affirm appellant's judgments of sentence.

Application to withdraw granted. Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/8/2020